Brian P. Scibetta, Esq.
McCalla Raymer Leibert Pierce, LLC
420 Lexington Avenue Suite 840
New York, NY 10170
Telephone: 347-286-7409
brian.scibetta@mccalla.com
*Attorneys for Defendant, JPMorgan Chase Bank, N.A.*

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>HYACINTH SIMMS,<br><br>        Plaintiff,<br><br>  -against-<br><br>JPMORGAN CHASE BANK, TOWER GROUP, INC.; MORANT INSURANCE AGENCY INC.; AFFILIATED ADJUSTMENT GROUP LTD; ASSURANT PROPERTY ADVANTAGE AKA ASSURANT SPECIALTY PROPERTY'S LENDING; SOLUTIONS GROUP; C.J. RUBINO & COMPANY, INC.; MSW ADJUSTMENT GROUP, INC.; DG CUSTOM BUILT HOMES & REMODELING,<br><br>        Defendant. | **Case No. 23-40070**<br><br>**CHAPTER 7**<br><br>**Adv. Proc. No. 23-01070-NHL**<br><br>**DECLARATION OF BRIAN P. SCIBETTA, ESQ. IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. BANKPR. P. 7012 and FED. R. CIV. P. 12(b)(5) and 12(b)(6)** |

I, Brian P. Scibetta, Esq., do hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

  1.  I am an attorney and Partner with the law firm of McCalla Raymer Leibert Pierce, LLC, attorneys for Defendant, JPMorgan Chase Bank, N.A. ("Chase"), in the above-captioned matter. I am admitted to practice in this Court and am a member in good standing. I submit this declaration in support of Chase's Motion to Dismiss the Complaint filed by Plaintiff, Hyacinth Simms ("Debtor"), with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, made applicable to this Adversary Proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, or, alternatively, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

2. At issue in this proceeding is a mortgage (the "Mortgage") granted by Debtor in the amount of $329,000.00 on July 16, 2004 to Argent Mortgage Company, LLC ("Argent"), on the real property located at 624 Powells Lane, Westbury, New York 11590 (the "Property"), which secured a loan made by Argent to Debtor in that amount (the "Loan"). The Mortgage was recorded with the Nassau County Clerk's Office on September 16, 2004, and is publicly available through the records maintained by that office. Attached hereto as Exhibit 1 is a redacted but otherwise true copy of the recorded Mortgage.

3. The Mortgage has been assigned several times, which assignments were duly recorded with the Nassau County Clerk's Office and are publicly available through that office. The assignments are as follows:

    a. From Citi Residential Lending Inc. as Attorney-in-Fact for Argent ("Ocwen") to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for JPMorgan Chase Bank, National Association, by Assignment of Mortgage dated December 15, 2008 and recorded on January 16, 2009, a redacted but otherwise true copy of which is attached hereto as Exhibit 2.

    b. From MERS, as nominee for JPMorgan Chase Bank, National Association, to JPMC Specialty Mortgage LLC, by way of Assignment of Mortgage dated April 12, 2012 and recorded on June 2, 2012, a redacted but otherwise true copy of which is attached hereto as Exhibit 3.

      c. From Chase Mortgage Holdings, Inc., successor by merger to JPMC Specialty Mortgage, LLC, to Chase, by Assignment of Mortgage dated November 22, 2022, a true copy of which is attached hereto as <u>Exhibit 4</u>.

4. Chase's predecessor in interest, Chase Home Finance, LLC began servicing Debtor's mortgage loan on January 1, 2009. A redacted but otherwise true copy of the December 15, 2008 notice transferring servicing rights is attached hereto as <u>Exhibit 5</u>. Chase succeeded CHF by way of merger on or about April 1, 2012. A true copy of the Certificate of Merger is attached hereto as <u>Exhibit 6</u>.

5. Previously, Debtor filed a virtually identical lawsuit to this one against Chase and an identical group of defendants on March 28, 2016 in the Supreme Court of the State of New York, Nassau County, in the matter captioned, *Hyacinth Simms v. JPMorgan Chase Bank, et al.*, Index No. 602058/2016 (the "2016 Action"). Attached hereto as <u>Exhibit 7</u> is a true copy of the filed Complaint from the 2016 Action.

6. Chase contested the 2016 Action and was able to obtain a dismissal based on Debtor's failure to comply with discovery obligations. On February 21, 2019, the state court issued a conditional Order of dismissal providing Debtor a sixty (60) day period to respond to discovery and appear for a deposition, which would become an absolute dismissal upon Debtor's failure to comply. After issuance of this Order, Debtor did not comply with discovery obligations and the dismissal became absolute. Attached hereto as <u>Exhibit 8</u> is a true copy of the Decision and Order dismissing the 2016 Action, entered by the state court on February 21, 2019, with notice of entry. Attached hereto as <u>Exhibit 9</u> is a true copy of the docket from the 2016 Action reflecting no further activity after the notice of entry.

7. Debtor is in default on the payment obligations under the Loan as of at least January 1, 2017. On December 16, 2022, Chase initiated a foreclosure action against Debtor and other parties with an interest in the Property in the Supreme Court of the State of New York, Nassau County, captioned, *JPMorgan Chase Bank, National Association. v. Hyacinth Simms, et al.*, Index No. 617708/2022. Attached hereto as Exhibit 10 is a true copy of the filed foreclosure complaint from this action.

8. Debtor initiated this adversary proceeding on August 22, 2023 through the filing of a complaint, a true copy of which is attached hereto as Exhibit 11.

9. Debtor's counsel filed an Affidavit of Service purporting to show service on Chase and the other defendants on October 30, 2023, a true copy of which is attached hereto as Exhibit 12. The Affidavit of Service reflects first-class mail service on Chase care of the undersigned's firm at our New York office. The undersigned can attest that this firm is not an agent for service of process on Chase, and is not authorized to accept service on Chase's behalf.

I certify under penalty of perjury that the foregoing is true and correct.

By: /s/ *Brian P. Scibetta*
Brian P. Scibetta, Esq.

Dated: November 22, 2023