# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>HYACINTH SIMMS,<br><br>                    Plaintiff,<br><br>  -against-<br><br>JPMORGAN CHASE BANK, TOWER GROUP, INC.; MORANT INSURANCE AGENCY INC.; AFFILIATED ADJUSTMENT GROUP LTD; ASSURANT PROPERTY ADVANTAGE AKA ASSURANT SPECIALTY PROPERTY'S LENDING; SOLUTIONS GROUP; C.J. RUBINO & COMPANY, INC.; MSW ADJUSTMENT GROUP, INC.; DG CUSTOM BUILT HOMES & REMODELING,<br><br>                    Defendant. | Case No. 23-40070<br><br>CHAPTER 7<br><br>Adv. Proc. No. 23-01070-NHL |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. BANKR. P. 7012 AND FED. R. CIV. P. 12(b)(6) and 12(b)(7)**

 

**McCalla Raymer Leibert Pierce, LLC**
420 Lexington Avenue, Suite 840
New York, New York 10170
Telephone: 347-286-7409
Brian P. Scibetta, Esq.
*Attorneys for Defendants*

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................................ 1

**STATEMENT OF FACTS AND PROCEDURAL HISTORY** ................................................ 2

**LEGAL ARGUMENT** .............................................................................................................. 5

   **I.   THE COMPLAINT IS SUBJECT TO DISMISSAL PURSUANT TO FRCP 12(b)(6) BECAUSE THE CLAIMS ARE ASSERTED OUTSIDE THE APPLICABLE LIMITATIONS PERIODS AND OTHERWISE FAIL TO STATE VIABLE CLAIMS** .. 5

      **A.   DEBTOR'S CLAIMS SHOULD BE DISMISSED BECAUSE THEY HAVE BEEN ASSERTED OUTSIDE THE APPLICABLE LIMITATIONS PERIODS** .......... 6

      **B.   DEBTOR'S CLAIMS OTHERWISE FAIL TO STATE CLAIMS UNDER WHICH RELIEF CAN BE GRANTED** ................................................................................ 9

   **II.   ALTERNATIVELY, BECAUSE DEBTOR HAS FAILED TO EFFECTUATE VALID SERVICE OF PROCESS ON CHASE, THIS FURTHER WARRANTS DISMISSAL** ............................................................................................................... 12

   **CONCLUSION** ................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*AB ex rel. EF v. Rhinebeck Cent. Sch. Dist.,* 361 F. Supp. 2d 312, 317 (S.D.N.Y. 2005) ............. 8

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ................................................................... 6

*Aurilia v. Carbonara*, 185 A.D.3d 767, 768 (N.Y. App. Div. 2d Dept. 2020) .............................. 7

*BAC Home Loans Servicing, LP v. McCombie*, 133 A.D.3d 1252, 1253 (N.Y. App. Div. 4th Dept. 2015) ...................................................................................................... 10

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) ..................................................... 6

*Bisson v. Martin Luther King Jr. Health Clinic*, 2008 WL 4951045 (2d Cir. Nov. 20, 2008) ....... 7

*Brass v. Am. Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) ..................................... 2

*Cangemi v. United States*, 13 F.4th 115, 134 (2d Cir. 2021) ................................................ 6

*Countrywide Home Loans, Inc. v. United Gen. Title Ins. Co.*, 109 A.D.3d 953, 954 (N.Y. App. Div. 2d Dept. 2013) ............................................................................................ 10

*Dolan v. Fairbanks Cap. Corp.*, 930 F. Supp. 2d 396, 421 (E.D.N.Y. 2013) .............................. 10

*Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 667 (S.D.N.Y. 2000) ...................... 9

*Glendora v Gallicano*, 206 A.D.2d 456, 456 (N.Y. App. Div. 2d Dept. 1994) ........................... 11

*Harris v. Mills,* 572 F.3d 66 (2d Cir.2009) ................................................................ 6

*Home & City Sav. Bank v. Jamel Realty Corp.*, 186 A.D.2d 936 (N.Y. App. Div. 3d Dept. 1992) ................................................................................................................ 10

*In re Cruiserphone, Inc.*, 278 B.R. 325, 333 (Bankr. E.D.N.Y. 2002) ....................................... 13

*In re General Vision Services, Inc.*, 352 B.R. 25, 27 (Bankr. S.D.N.Y. 2006) ........................... 7

*In re Motors Liquidation Co.*, 563 B.R. 498, 505 (Bankr. S.D.N.Y. 2016) ................................ 13

*In re Teligent Inc.*, 485 B.R. 62, 68 (Bankr. S.D.N.Y. 2013). ............................................ 13

*Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2nd Cir. 1998) .................................................................................................................. 2

*Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ................................................. 2

*Personis v. Oiler*, 889 F.2d 424, 426 (2d Cir. 1989) ..................................................................... 7

*Pirrelli v OCWEN Loan Servicing, LLC*, 129 AD3d 689, 692 (N.Y. App. Div. 2d Dept. 2015) 10, 11

*Ruggiero v Contemporary Shells, Inc.*, 160 AD2d 986, 987 (2d Dept. 1990) .............................. 11

*Santana v Leith*, 117 A.D.3d 711, 712 (2d Dept. 2014) ............................................................... 11

*Teller v. Galak*, 162 A.D.3d 959, 960 (N.Y. App. Div. 2d Dept. 2018) ........................................ 8

**Rules**

Fed. R. Bankr. P. 7012 ............................................................................................................... 1, 5

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1, 6

Fed. R. Evid. § 201 ......................................................................................................................... 2

Fed. R. Bankr. P. 7004 ............................................................................................. 2, 12, 13, 14

Fed. R. Bankr. P. 7004 (b)(3) ....................................................................................................... 12

Fed. R. Civ. P. 12(b)(5) ............................................................................................. 1, 12, 14

Defendant, JPMorgan Chase Bank, N.A. ("Chase") submits this memorandum of law in support of its Motion to Dismiss the Complaint (the "Complaint") filed by Plaintiff, Hyacinth Simms ("Debtor"), with prejudice, pursuant to Fed. R. Bankr. P. ("FRBP") 7012 and Fed. R. Civ. P. ("FRCP") 12(b)(6), or alternatively, pursuant to FRBP 7012 and FRCP 12(b)(5).

## PRELIMINARY STATEMENT

Debtor is the owner of real property that she alleges was destroyed in a fire in August 2008, resulting in the issuance of insurance proceeds. She contends Chase, her mortgage servicer, then wrongfully withheld disbursement of the proceeds in the early 2010s, in conjunction with related misconduct from the other defendants that prevented repairs from ever being completed. These allegations feel very familiar to Chase and the other defendants because they are. Before the present action, Debtor had sued Chase and this same group of defendants in state court in 2016, making similar claims regarding the allegedly wrongful withholding of insurance proceeds and incomplete repairs. But Debtor failed to prosecute the state court action, and it was ultimately dismissed in early 2019 for noncompliance with discovery. Debtor now returns on an identical set of claims to those she asserted previously in 2016, under the apparent theory that she should get a do-over because her previous counsel mishandled the case.

However, there is no basis for that position, as each of Debtor's claims against Chase is time-barred. The causes of action she asserts arise under theories of negligence and infliction of emotional distress, which are all subject to one (1) or three (3) year limitations periods. Because the alleged conduct of which Debtor complains is all stated to have occurred in the late 2000s/early 2010s, her assertion of these claims in 2023 is well out of time. Even if the claims could be stated to have accrued at the time Debtor filed her prior lawsuit in 2016, the result would be the same, as she then waited over seven (7) years to reassert them now. Simply, there is no cognizable legal

theory under which any of Debtor's claims against Chase could be considered timely. And because this defect is incurable, it should result in a dismissal of the action against Chase, with prejudice.

Though the Court's inquiry need not go further, Debtor's claims further fail as insufficiently pleaded. Chase, as mortgagee and loan servicer, owes no duty of care to Debtor and thus cannot be liable under theories of negligence. Nor could an anodyne dispute between a borrower and mortgage servicer over the administration and disbursement of insurance proceeds possibly rise to the level of extreme and outrageous conduct required of a claim for intentional infliction of emotional distress.

In the event the Court disagrees that dismissal for failure to state a claim is warranted, this action could alternatively be dismissed for Debtor's failure to effectuate valid service of process on Chase. Despite having two bites at the apple to effectuate valid service, Debtor has not done so, as her claimed service on Chase through mailing the summons and complaint to the undersigned's firm does not meet the requirements of FRBP 7004(b)(3).

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

As pleaded by Debtor in the Complaint and as also reflected in other publicly filed court pleadings and land records,[1] Chase sets forth the following facts in support of the Motion:

On July 16, 2004, Debtor entered into a $329,000.00 mortgage loan (the "Loan") with Chase's predecessor in interest, secured by a mortgage (the "Mortgage") on the real property

---

[1] The Court may consider these types of documents on a motion to dismiss pursuant to FRCP 12(b)(6) because they are matters of which the Court may take judicial notice. *See Brass v. Am. Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (the Court is permitted to consider "matters of which judicial notice may be taken on Rule 12(b)(6) motion); *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) ("a court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings"); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (judicial notice may be taken of public documents); Fed. R. Evid. § 201 (judicial notice may be taken of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

2

located at 624 Powells Lane, Westbury, New York 11590 (the "Property"). *See* Declaration of Brian P. Scibetta, Esq. ("Scibetta Decl."), Exh. 1. The Mortgage has since been assigned several times, the latter of which was to Chase. *Id.* at Exhs. 2-4. Chase[2] began servicing the Loan on or about January 1, 2009. *Id.* at Exh. 5.

Debtor alleges that the Property sustained significant fire damage on August 22, 2008, which resulted in her family being forced to relocate. *See* Complaint, ¶ 13. At some point after the fire, Debtor alleges an insurance claim was made and proceeds were disbursed by the carrier to Chase by no later than April 5, 2011. *Id.* at ¶ 14. Debtor then alleges the process by which Chase informed her it would release proceeds as the Property was repaired. *Id.* at ¶¶ 15-16. She asserts that several of the other defendants were involved with the repair process in varying capacities. *Id.* at ¶¶ 17-19. According to Debtor, the claims adjuster, Assurant Property, issued a report in or around 2012-2013 regarding the repair completion that contained errors and resulted in Chase not releasing the balance of the proceeds. *Id.* at ¶¶ 18-19. Though in any event, Debtor also alleges that the balance of the proceeds was insufficient to cover the remaining repairs needed. *Id.* at ¶ 19. Debtor further alleges that the Village of Westbury also issued an inspection report in July 2013 outlining the issues and what else needed to be repaired. *Id.* at ¶ 20. Finally, Debtor contends that Chase has continued to send communications regarding the remaining balance of insurance proceeds. *Id.* at ¶ 26.

Several years after the repairs process hit a standstill in or around August 2013, Debtor filed a lawsuit against Chase and this same group of defendants on March 28, 2016 in the Supreme Court of the State of New York, Nassau County, in the matter captioned, *Hyacinth Simms v.*

---

[2] The Loan was previously serviced by Chase's former servicing arm, Chase Home Finance LLC ("CHF"). By way of merger effective April 1, 2012, CHF merged into Chase, with Chase as the surviving entity. *See* Scibetta Decl., Exh. 6. Chase does not dispute that at all relevant times, it was the servicer of Debtor's loan.

*JPMorgan Chase Bank, et al.*, Index No. 602058/2016 (the "2016 Action"). *See* Scibetta Decl., Exh. 7. The 2016 Action, filed by a different attorney than Debtor's present counsel, advanced the same allegations as herein—that due to the allegedly erroneous Assurant Property Report, Chase did not release the balance of the insurance proceeds, which were nevertheless insufficient to cover the remaining repairs needed. *Id.* at ¶¶ 3-21. Relying on that same fact predicate, Debtor asserted claims against Chase for negligence and intentional infliction of emotional distress (along with similar claims against the other defendants). *Id.* at Third and Fourth Causes of Action. By and large, the Complaint in the 2016 Action is indistinguishable to the complaint that Debtor has filed herein. *Compare id. with* Scibetta Decl., Exh. 11.

Chase, along with several of the other defendants, contested the 2016 Action. *See* Scibetta Decl., Exh. 8. After Debtor failed to comply with discovery obligations, Chase moved to dismiss on that basis. *Id.* On February 21, 2019, the state court entered a conditional Order of dismissal providing Debtor a sixty (60) day period to respond to discovery and appear for a deposition, which would become an absolute dismissal upon Debtor's failure to comply. *Id.* Debtor ultimately did not ever comply with discovery obligations and the dismissal became absolute. *Id.* at Exhs. 8 and 9.

As Debtor concedes in the Complaint, she is in default on her payment obligations due under the Loan. *See* Complaint, ¶¶ 28-30. The payment default remains ongoing and dates back to at least January 1, 2017. *See* Scibetta Decl., Exh. 10, ¶ 6. On December 16, 2022, Chase commenced a foreclosure action against Debtor and other parties with an interest in the Property in the Supreme Court of the State of New York, Nassau County, captioned, *JPMorgan Chase Bank, National Association. v. Hyacinth Simms, et al.*, Index No. 617708/2022 (the "Foreclosure Action"). *Id.* The Foreclosure Action remains in the pleading stage and is presently stayed due

4

to Debtor's commencement of the underlying Chapter 11 bankruptcy proceeding on January 11, 2023. *See* BK ECF No. 1.

On August 22, 2023, Debtor commenced the instant adversary proceeding, joining Chase and the same group of defendants from the 2016 Action as party-defendants. After initially failing to serve anyone with process, Debtor requested a supplemental summons, which was issued on October 23, 2023. *See* ECF Adv. No. 5. Debtor alleges she then served Chase with the supplemental summons and complaint by mailing copies to the undersigned's firm's New York office on October 30, 2023. *See* Scibetta Decl., Exh. 12. In the Complaint, Debtor advances the same set of fact allegations as those asserted in the 2016 Action, and asserts two causes of action for negligence against Chase (one specific to Chase and the other as to all defendants), and a cause of action for intentional infliction of emotional distress.

In lieu of answering, Chase now seeks dismissal of the complaint for failure to state a claim under which relief can be granted, or in the alternative, for failure to effectuate service of process.

## LEGAL ARGUMENT

### I. THE COMPLAINT IS SUBJECT TO DISMISSAL PURSUANT TO FRCP 12(b)(6) BECAUSE THE CLAIMS ARE ASSERTED OUTSIDE THE APPLICABLE LIMITATIONS PERIODS AND OTHERWISE FAIL TO STATE VIABLE CLAIMS

Debtor's claims against Chase should be dismissed for failure to state a cause of action under which relief can be granted. Pursuant to FRBP 7012(b), the sub-provisions of FRCP 12 all apply to adversary proceedings. A party may move for dismissal under FRCP 12(b)(6) based on the pleader's "failure to state a claim upon which relief can be granted." A complaint should be dismissed if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The Second Circuit has explained that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles.

*See Harris v. Mills,* 572 F.3d 66 (2d Cir.2009), *citing Ashcroft v. Iqbal,* 556 U.S. 662 (2009). "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* at 72, *quoting Iqbal,* 556 U.S. at 678. "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and '[d]etermining whether a complaint states a plausible claim for relief will... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal,* 556 U.S. at 663–64). "When there are well-pleaded factual allegations, a court should assume their veracity and. . . determine whether they plausibly give rise to an entitlement of relief." *Iqbal,* 556 U.S. at 679.

Plaintiffs, however, must do more than simply set out the elements of their claims; they must plead "enough factual matter (taken as true) to suggest" the required element." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010), *quoting Twombly,* 550 U.S. at 556 (2007). The "[f]actual allegations [of the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555

Further, it is well-established that motions to dismiss alleging expiration of the statute of limitations are properly brought under FRCP 12(b)(6). *See, e.g., Cangemi v. United States*, 13 F.4th 115, 134 (2d Cir. 2021).

### A. DEBTOR'S CLAIMS SHOULD BE DISMISSED BECAUSE THEY HAVE BEEN ASSERTED OUTSIDE THE APPLICABLE LIMITATIONS PERIODS

First and foremost, Debtor's claims against Chase are subject to dismissal because they are time-barred. Debtor asserts three (3) claims against Chase in this proceeding: 1) a claim for

negligence against Chase only (Third Cause of Action); 2) a claim for intentional and/or negligent infliction of emotional distress against Chase only (Fourth Cause of Action); and 3) a claim for negligence against all defendants, including Chase (Fifth Cause of Action). There is no plausible dispute that each of these claims arises under state law. Where that is the case, state statutes of limitations govern the timeliness of state law claims brought in federal court. *See Personis v. Oiler*, 889 F.2d 424, 426 (2d Cir. 1989). For this case, that means New York law governs the analysis because Debtor claims injury to a Property located in New York and pertaining to conduct that is alleged to have occurred in New York, and with respect to Chase, pertaining to the relationship between Debtor and Chase arising from a New York mortgage loan. *See* Complaint; Scibetta Decl., Exh. 1.

For claims of negligence under New York law alleging damages to property or person, the provisions of CPLR §§ 214(4, 5) govern the time within which to bring a claim. Under the Rule, such claims are subject to a three (3) year limitations period. In *Bisson v. Martin Luther King Jr. Health Clinic*, 2008 WL 4951045 (2d Cir. Nov. 20, 2008), the Second Circuit acknowledged that personal injury claims under New York law are subject to a three (3) year limitations period running from the date of the injury. *See also, e.g., Aurilia v. Carbonara*, 185 A.D.3d 767, 768 (N.Y. App. Div. 2d Dept. 2020). And in *In re General Vision Services, Inc.*, 352 B.R. 25, 27 (Bankr. S.D.N.Y. 2006), this Court similarly acknowledged the three (3) year limitations period for negligence claims asserting injury to property.

Whether Debtor claims injury to the Property or to her person—and given the nature of the Complaint, that is difficult to glean—her negligence claims against Chase should be considered time-barred. The conduct concerning the insurance proceeds of which Plaintiff complains is stated to have occurred in the time-period from 2011 through 2013. *See* Complaint, ¶¶ 14-22. She cites

7

various reports and inspections all occurring within that timeframe, and alleges Chase was obligated to act back then to release the remaining proceeds but did not. *Id.* To the extent Plaintiff suffered injury, it would have been at that time. However, Plaintiff failed to assert her claims until a decade later, in August 2023, well outside the applicable three (3) year period.

The result is the same for Debtor's claim against Chase for infliction of emotional distress. To the extent the claim is taken as one for intentional infliction of emotional distress, which is how it reads, such claim is subject to a one-year limitations period. *See, e.g., Teller v. Galak*, 162 A.D.3d 959, 960 (N.Y. App. Div. 2d Dept. 2018). That period is even shorter than for negligence and thus the claim would be similarly time-barred. And even if the claim could somehow be interpreted as one for negligent infliction of emotional distress, Debtor fares no better, as that also carries a three (3) year limitations period. *See AB ex rel. EF v. Rhinebeck Cent. Sch. Dist.,* 361 F. Supp. 2d 312, 317 (S.D.N.Y. 2005). Like with negligence, in all events, the infliction of emotional distress claim is time-barred.

Even to the extent Debtor might argue her claims somehow did not accrue until she filed the 2016 Action, in which she asserted substantively identical negligence and intentional infliction of emotional distress claims against Chase, this adversary proceeding was not then filed until over seven (7) years after commencement of that action. *See* Scibetta Decl., Exh. 7. Again, that is well outside the applicable three (3) year period. That Debtor's former counsel failed to adequately prosecute the 2016 Action resulting in dismissal is of no moment and cannot save her stale claims. By any relevant measurement here, Debtor is well outside the limitations period and her claims against Chase would have to be considered time-barred.

Debtor also has not pleaded that she was somehow prevented from asserting these claims sooner, or that she would otherwise be entitled to a tolling of the limitations period. In fact, it is

8

clear that any such assertion would be patently untrue, as Debtor did previously assert the same claims against Chase years back in the 2016 Action. *See* Scibetta Decl., Exh. 7. To the extent she is without recourse in 2023, Debtor's real grievance lies with her former counsel for not adequately pursuing the 2016 Action. Perhaps in acknowledgment of that, Debtor makes a passing attempt to plead around the issue by asserting that the 2016 Action for failure to comply with discovery was "without [her] consent and knowledge." *See* Complaint, Nature of the Action. But regardless of what Debtor's former counsel had advised her regarding the ongoings of the 2016 Action, the fact of its filing and ultimate disposition is irrefutable. *See* Scibetta Decl., Exhs. 7-9. That Debtor would later pursue bankruptcy and retain a new lawyer cannot in itself revive time-barred claims.

Accordingly, and for this reason alone, the Complaint should be dismissed as to Chase, with prejudice.

### B. DEBTOR'S CLAIMS OTHERWISE FAIL TO STATE CLAIMS UNDER WHICH RELIEF CAN BE GRANTED

Even if Debtor's claims were not time-barred, they would still fail as against Chase as insufficiently pleaded. For negligence claims, a plaintiff must demonstrate that the defendant "owed the plaintiff a cognizable duty of care, that the defendant breached that duty, and that the plaintiff suffered damages as a proximate result of that breach." *Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 667 (S.D.N.Y. 2000). In the event the parties also have a contractual relationship, like here, "to sustain a tort action for negligence, [the plaintiff] must assert more than a simple breach of contract: they must assert a legal duty that is independent of the contract that has been breached." *Dolan v. Fairbanks Cap. Corp.*, 930 F. Supp. 2d 396, 421 (E.D.N.Y. 2013). In that regard, it is well-established under New York law that the relationship between mortgagor and mortgagee is contractual, and that a mortgagee owes no legal duty independent of the mortgage. *See Pirrelli v OCWEN Loan Servicing, LLC*, 129 AD3d 689, 692 (N.Y. App. Div. 2d

9

Dept. 2015); *BAC Home Loans Servicing, LP v. McCombie*, 133 A.D.3d 1252, 1253 (N.Y. App. Div. 4th Dept. 2015); *Countrywide Home Loans, Inc. v. United Gen. Title Ins. Co.*, 109 A.D.3d 953, 954 (N.Y. App. Div. 2d Dept. 2013); *Home & City Sav. Bank v. Jamel Realty Corp.*, 186 A.D.2d 936 (N.Y. App. Div. 3d Dept. 1992).

Here, it is beyond plausible dispute that the relationship between Debtor and Chase is that of mortgagor-mortgagee (Complaint, ¶ 2), and thus governed by the terms of the loan documents. Debtor even concedes that actions taken by Chase concerning the events in question were "[i[n furtherance of its position as mortgagee." *See* Complaint, ¶ 2. But Debtor does not allege that Chase owed a legal duty independent of the Mortgage, and instead asserts only in conclusory terms that Chase owed a duty of care because it maintained control over the insurance proceeds. *Id.* at ¶ 47. Contrary to Debtor's view, the parties' rights with respect to insurance proceeds issued for the Property are governed by Paragraph 5 of the Mortgage, which provides that "[d]uring the period that any repairs or restorations are being made, Lender may hold any Insurance Proceeds until it has had an opportunity to inspect the Property to verify that the repair work has been completed to Lender's satisfaction." *See* Scibetta Decl., Exh. 1. Thus, the dispute raised by Debtor is one sounding in contract rather than tort law, and she has not set pleaded any independent legal duty that could give rise to a claim for negligence.

With respect to Debtor's more general negligence claim asserted against all defendants, she makes no effort at all to tie that to Chase or assert an independent duty on the part of Chase. *See* Complaint, ¶¶ 58-61. To the contrary, the claim reads as one being asserted against the contractors performing the repair work rather than being aimed in any way at Chase. Simply, she has not come close to establishing a duty on the part of Chase, and consequently, this negligence claim also fails as pleaded.

Turning to the intentional infliction of emotional distress claim, Debtor fares no better. To plead that claim, "conduct must be alleged which is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Ruggiero v Contemporary Shells, Inc.*, 160 AD2d 986, 987 (2d Dept. 1990). In stark contrast to that high threshold, Debtor's allegations in this case outline a garden-variety dispute between a mortgagee and borrower over whether sufficient repair benchmarks were met for release of insurance proceeds, and indeed, most of the allegations of misconduct are directed at parties other than Chase. This fact pattern is simply not of the egregious character that would be needed to sustain such a claim. *See, e.g., Pirrelli*, 129 A.D.3d at 692 (dismissing borrower claim against mortgagee because conduct complained of "is not sufficiently extreme and outrageous").

Even if Debtor were to argue that the claim is one for negligent—rather than intentional—infliction of emotional distress, she would still fall short. Claims for negligent infliction of emotional distress "generally must be premised upon the breach of a duty owed to [the] plaintiff which either unreasonably endangers the plaintiff's physical safety, or causes the plaintiff to fear for his or her own safety." *Santana v Leith*, 117 A.D.3d 711, 712 (2d Dept. 2014); *see also Glendora v Gallicano*, 206 A.D.2d 456, 456 (N.Y. App. Div. 2d Dept. 1994). As set forth above, Debtor does not sufficiently plead any duty owed by Chase, and these facts cannot be plausibly construed as a situation where Debtor's physical safety was endangered, or that she had reason to fear for her physical safety. Like with Debtor's other theories, this claim does not fit these allegations.

For these additional reasons, Debtor's claims against Chase are insufficiently pleaded and should be dismissed.

## II. ALTERNATIVELY, BECAUSE DEBTOR HAS FAILED TO EFFECTUATE VALID SERVICE OF PROCESS ON CHASE, THIS FURTHER WARRANTS DISMISSAL

In the event the Court disagrees with Chase that the Complaint should be dismissed pursuant to FRCP 12(b)(6), then in the alternative, Chase seeks dismissal pursuant to FRCP 12(b)(5) because Debtor has not served the summons and complaint on Chase in accordance with FRBP 7004. According to Debtor's affidavit of service, she served the summons and complaint on Chase by way of first-class mail on October 30, 2023, care of the undersigned's firm's New York office address. See Scibetta Decl., Exh. 12. However, this manner of service does not comport with the applicable Rules.

As per FRBP 7004 (b)(3), service in an adversary proceeding can be accomplished by first class mail postage prepaid as follows:

> (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.[3]

By its terms, the provision authorizes service on an unincorporated (national banking) association such as Chase through service on "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." This requirement is "is intended to ensure that the summons and complaint expeditiously reaches the appropriate decision maker in the organization." *In re Teligent Inc.*, 485 B.R. 62, 68 (Bankr. S.D.N.Y. 2013)

---

[3] Pursuant to FRBP 7004(e), service by mail must also be accomplished by depositing the summons and complaint in the mail within seven (7) days of the issuance of the summons. Debtor's affidavit of service asserts the pleadings were mailed within seven (7) days of the issuance of the supplemental summons. *See* Scibetta Decl., Exh. 12.

Where "the plaintiff does not properly serve the summons and the complaint on the defendant, the court may dismiss the case without prejudice absent a showing of good cause." *In re Motors Liquidation Co.*, 563 B.R. 498, 505 (Bankr. S.D.N.Y. 2016). The relevant time period is governed by FRCP 4(m), which permits 90 days to effectuate service from the filing of the complaint, after which a defendant can seek dismissal if valid service has not occurred.

Here, Debtor's complaint was filed on August 22, 2023 (Scibetta Decl., Exh. 11), and thus she had to effectuate valid service on Chase by no later than November 20, 2023. She did not. Rather, her only attempt at service on Chase during the applicable ninety (90) day period has been by way of first-class mail on October 30, 2023, care of the undersigned's firm. *Id.* at Exh. 12. However, the undersigned's firm is not "an officer, a managing or general agent, or [] other agent authorized by appointment or by law to receive service of process" on behalf of Chase, and certainly Debtor has offered no proof that the undersigned's firm has such authority. In fact, the undersigned's firm does not have such authority. See Scibetta Decl., ¶ 9. Though this Court and its sister bankruptcy courts have been lenient in expanding the scope of FRBP 7004(b)(3) to permit service on a creditor in an adversary proceeding at the address included on the notice of claim (*see, e.g., In re Cruiserphone, Inc.*, 278 B.R. 325, 333 (Bankr. E.D.N.Y. 2002)), Debtor has not even met that threshold, as Chase's notice of claim indicates a Monroe, Louisiana address as the notice address—not the undersigned's firm. It is simply not the case that a defendant in an adversary proceeding can be served by way of service on that defendant's counsel in the underlying bankruptcy, as the Rules do not provide for that possibility.

Because Debtor has failed to demonstrate valid service on Chase in accordance with FRBP 7004(b)(3), and her ninety (90) day period to effectuate service has now expired, then in all events, the Complaint should be dismissed as to Chase for that reason.

## CONCLUSION

For all the foregoing reasons, Chase respectfully requests that the Court dismiss the Complaint as against it, with prejudice, pursuant to FRCP 12(b)(6) for failure to state a claim under which relief can be granted, or alternatively, pursuant to FRCP 12(b)(5) for failure to effectuate valid service, and grant such other and further relief that it deems warranted.

Respectfully submitted,
MCCALLA RAYMER LEIBERT PIERCE, LLC
*Attorneys for Defendant*

By: /s/ *Brian P. Scibetta*

Dated: November 22, 2023     Brian P. Scibetta, Esq.