UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X  Case No. 23-40070-NHL
IN RE:

HYACINTH SIMMS

                Debtor,

-----------------------------------------------------------------X  Adv. Pro. No. 23-01070
HYACINTH SIMMS,

                Plaintiff,         **ANSWER TO COMPLAINT**

   -against-

JP MORGAN CHASE BANK, TOWER GROUP, INC.
MORANT INSURANCE AGENCY INC., AFFILIATED
ADJUSTMENT GROUP LTD., ASSURANT PROPERTY
ADVANTAGE A/K/A ASSURANT SPECIALTY
PROPERTY'S LENDING, SOLUTIONS GROUP, C.J.
RUBINO & COMPANY, INC., MSW ADJUSTMENT
GROUP, INC., DG CUSTOM BUILT HOMES &
REMODELING,

                Defendants.
-----------------------------------------------------------------X

      Defendant, C.J. RUBINO & COMPANY, INC., by their attorneys TYSON & MENDES, LLP as and for their answer to the complaint and respectfully alleges:

**PARTIES**

    1.    Denies knowledge and information sufficient to form a belief as to those allegations set forth in the paragraphs numbered "1" through "6"; and "8" and leaves all matters of law to the Honorable Court.

    2.    Admits the allegations set forth in paragraph "7" only to the extent that CJ Rubino & Company, Inc. was retained by Tower to prepare a report of the damages to plaintiff's home, denies

sufficient knowledge and information to form a belief as to the remaining allegations in the paragraph.

## JURISDICTION AND VENUE

3. Denies knowledge and information sufficient to form a belief as to those allegations set forth in the paragraphs numbered "9" through "12" and leaves all matters of law to the Honorable Court.

## FACTUAL BACKGROUND

4. Denies knowledge and information sufficient to form a belief as to those allegations set forth in the paragraphs numbered "13" through "30" and leaves all matters of law to the Honorable Court.

## FIRST CAUSE OF ACTION

5. CJ Rubino repeats its answers and statements set forth above and incorporates them here by reference.

6. Denies knowledge and information sufficient to form a belief as to those allegations set forth in the paragraphs numbered "31"; and "33" through "38".

7. Admits the allegations set forth in paragraph "32" only to the extent that CJ Rubino was retained to prepare a report of the damages to plaintiff's home, denies sufficient knowledge and infringement to form a belief as to the remaining allegations in the paragraph.

## SECOND CAUSE OF ACTION

8. CJ Rubino repeats its answers and statements set forth above and incorporates them here by reference.

9. Denies knowledge and information sufficient to form a belief as to those allegations set forth in the paragraphs numbered "39" through "43".

## THIRD CAUSE OF ACTION

10. CJ Rubino repeats its answers and statements set forth above and incorporates them here by reference.

11. Denies knowledge and information sufficient to form a belief as to those allegations set forth in the paragraphs numbered "44" through "51".

## FOURTH CAUSE OF ACTION

12. CJ Rubino repeats its answers and statements set forth above and incorporates them here by reference.

13. Denies knowledge and information sufficient to form a belief as to those allegations set forth in the paragraphs numbered "52" through "56".

## FIFTH CAUSE OF ACTION

14. CJ Rubino repeats its answers and statements set forth above and incorporates them here by reference.

15. Denies knowledge and information sufficient to form a belief as to those allegations set forth in the paragraph numbered "57".

16. Denies each and every allegation set forth in the paragraphs numbered "58", "59", "60", and "61" and leaves all matters of law to the Honorable Court.

## AFFIRMATIVE DEFENSES

17. Having answered the allegations in the Complaint and having denied any liability whatsoever, CJ Rubino asserts and alleges the following separate and additional defenses. None of CJ Rubino's affirmative defenses shall be deemed an admission of any fact alleged by Plaintiff, or an admission that CJ Rubino bears the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. CJ Rubino pleads all defenses in the alternative, and

the defenses do not constitute an admission of liability or an admission that Plaintiff is entitled to any relief whatsoever. CJ Rubino's affirmative defenses include, without limitation:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18. The responding defendant not being fully advised as to all the facts and circumstances surrounding the incident complained of, hereby assert and reserve unto themselves the defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19. The Complaint fails to state a claim on which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20. Any damages sustained by the plaintiff was caused by the culpable conduct of the plaintiff, including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant. But if a verdict of judgment is awarded to the plaintiff, then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21. The Complaint fails to state a claim.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22. Whatever damages sustained by the plaintiff at the time and place alleged in the Complaint, were due to the acts of parties over whom the defendant was not obligated to exercise any control or supervision.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23. Plaintiff failed to mitigate damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24. That the plaintiff(s) could with due diligence has/have obtained personal jurisdiction over tortfeasors not made parties to this lawsuit and thus the culpability of such missing or absent tortfeasors is to be apportioned into the total culpability allegedly causing the subject occurrence.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

25. The plaintiff's Complaint should be dismissed since the claims against the defendant are frivolous; and costs and attorney's fees should be awarded to defendant(s) pursuant to CPLR §8303-a.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred to the extent that they destroyed evidence necessary for the fair defense of the claims asserted.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

27. Plaintiff have released any and all claims of negligence.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

28. The Complaint and each and every claim against CJ Rubino is barred and precluded, in whole or in part, because Plaintiff does not have standing in regard to all of the claims for relief.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

29. The Court lacks jurisdiction over Plaintiff's claims.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred or limited by 11 U.S.C. § 523(a)(8).

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

31. In the event plaintiff seeks to recover a verdict or judgment against third party Defendants, then said verdict or judgment must exclude those amounts which have been, or will indemnify Plaintiff for any past or future claimed medical costs, health care, life care, or other economic loss or the benefit that is offered, or provided under or in connection with the Patient Protection and Affordable Care Act.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

32. In the event plaintiff recovers a verdict or judgment against Defendants, then said verdict or judgment must excuse or be reduced by those amounts which will, with reasonable certainty, replace or indemnify plaintiff in whole or in part, for any past or future economic loss or benefit that is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

### AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred as her actions are the sole proximate cause of her damages alleged herein.

34. To the extent that CJ Rubino becomes aware of additional defenses not cited to above, whether based upon facts currently known or facts discovered subsequent to the filing of the Answer, CJ Rubino reserves the right to assert additional affirmative defenses in this matter.

## CJ RUBINO'S PRAYER FOR RELIEF

35. For the reasons described above, CJ Rubino respectfully requests that the Court dismiss this action with prejudice, award CJ Rubino its costs and reasonable attorneys' fees, and award such other and further relief to CJ Rubino as it deems proper and just.

Dated: New York, New York
November 21, 2023

                                          Yours, etc.
                                          **TYSON & MENDES, LLP**

By:    *Daniel El Arnaouty*
         Daniel El Arnaouty, ESQ.
         Attorneys for Defendant
         C.J. RUBINO & COMPANY, INC.
         420 Lexington Ave., Suite 2800
         New York, NY 10017
         929-282-4834

TO (Via FedEx and Email):
DAHIYA LAW OFFICES, LLC
karam@dahiya.law
Karamvir Dahiya, Esq.
75 Maiden Lane, Suite 606
New York, NY 10038
Attorneys for Plaintiff
212-766-8000

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

DANIEL EL ARNAOUTY, ESQ., being duly sworn, deposes and says:

That he is the attorney for the Defendant, C.J. RUBINO & COMPANY, INC., in the within action; that he has read the within Answer and knows the contents thereof, and that same is true to his own knowledge, except and to the matters herein stated to be alleged upon information and belief, and that as to those matters he believes it to be true.

That the sources of his information and knowledge are investigation and records on file.

That the reason this verification is being made by deponent and not by defendant is that the defendant is not within the county where deponent has his office.

*Daniel El Arnaouty*
DANIEL EL ARNAOUTY, ESQ.

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                                       ) ss.:
COUNTY OF NASSAU )

Agnes Skrodzki, being duly sworn, deposes and says:

I am not a party to this action, am over 18 years of age and reside in Kings County, New York.

That on November 21, 2023, I served a copy of **Defendant C.J. RUBINO & COMPANY, INC.'s Answer to Complaint** via Fedex Priority Overnight mail to:

**UNITED STATES BANKRUPTCY COURT**
271-C Cadman Plaza East, Suite 1595
Brooklyn, New York 11202-1800


**DAHIYA LAW OFFICES, LLC**
karam@dahiya.law
Karamvir Dahiya, Esq.
75 Maiden Lane, Suite 606
New York, NY 10038
Attorneys for Plaintiff
212-766-8000

                                                                       Agnes Skrodzki

Sworn to before me this
21st day of November, 2023

Notary

JENNIFER ORT
NOTARY PUBLIC-STATE OF NEW YORK
No. 01OR6158423
Qualified In Nassau County
My Commission Expires January 02, 2027