UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IN RE:

    HYACINTH SIMMS

                         Debtor,
-----------------------------------------------------------------X
HYACINTH SIMMS,

                         Plaintiff,

v.

JP MORGAN CHASE BANK, TOWER GROUP, INC.,
MORANT INSURANCE AGENCY INC.,
AFFILIATED ADJUSTMENT GROUP LTD.,
ASSURANT PROPERTY ADVANTAGE A/K/A
ASSURANT SPECIALTY PROPERTY'S LENDING,
SOLUTIONS GROUP, C.J. RUBINO & COMPANY, INC.,
MSW ADJUSTMENT GROUP, INC.,
DG CUSTOM BUILT HOMES & REMODELING,

                       Defendants.
-----------------------------------------------------------------X

Case No. 23-40070-NHL

**AFFIDAVIT OF**
**JARROD M. FISCHER**

Adv. Pro. No. 23-01070

STATE OF NEW YORK   )
                               ) ss.:
COUNTY OF NASSAU    )

Jarrod M. Fischer, being duly sworn, deposes and states as follows:

1.    I am currently the President of Interstate Adjusters, Inc. I was previously employed as a Public Adjuster by Affiliated Adjustment Group, Ltd. ("Affiliated"). Plaintiff Hyacinth Simms ("Simms") retained Affiliated to advise and assist in the preparation, presentation and adjustment of her claim for the damages sustained to her property located at 624 Powells Lane, Westbury, New York 11590 ("the Premises"), which had been damaged by a fire that occurred in August 2008. I was the Public Adjuster hired by Simms to adjust her claim.

2. On Simms' behalf, Affiliated prepared, presented and adjusted Simms' claim and presented it to her insurance carrier, Tower Group, Inc. ("Tower"). Simms was presented with the claim amount and she consented to said amount/notarizing the Proof of Loss and accepting the figures as negotiated with her insurance carrier, Tower.

3. Affiliated was not involved with, or responsible for, JP Morgan Chase Bank's ("Chase") insurance claim procedures and/or the alleged withholding of any insurance funds by Chase to Simms. Similarly, Affiliated was not involved with, or responsible for, the retention of any contractors to remedy the damage and/or any delay in the contractor's work. Simms did not notify Affiliated of any claimed additional property damage and/or her efforts to seek additional insurance funds.

4. The allegations in the Complaint regarding Affiliated are inaccurate. Affiliated was not retained by Tower to provide claim adjustment services to Tower, but rather was retained by Simms, as stated above. Affiliated provided its services to Simms in accordance with its agreement and to Simms' satisfaction. Simms consented to the resolution of her claim and paid Affiliated in full with the last payment being made on or about March 31, 2010.[1] Affiliated has not had any involvement with the Premises since its services were completed and it was paid in full in March 2010.

Jarrod M. Fischer

Sworn to before me this
16TH day of November, 2023.

_____
Notary Public

MARTHE S. ROSSELLI
NOTARY PUBLIC-STATE OF NEW YORK
No. 01RO6414165
Qualified in Nassau County
My Commission Expires 02-16-2025

---

[1] See Affiliated's claim notes annexed hereto as Exhibit "1" reflecting, among other items, our retention and payments made to Affiliated by Simms.

2