UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X  Case No. 23-40070-NHL
IN RE:

HYACINTH SIMMS

                Debtor,

------------------------------------------------------------------------X  Adv. Pro. No. 23-01070-NHL
HYACINTH SIMMS,

                Plaintiff,

    -against-

JP MORGAN CHASE BANK, TOWER GROUP, INC.
MORANT INSURANCE AGENCY INC., AFFILIATED
ADJUSTMENT GROUP LTD., ASSURANT PROPERTY    CHAPTER 13
ADVANTAGE A/K/A ASSURANT SPECIALTY    HON. NANCY H.
PROPERTY'S LENDING, SOLUTIONS GROUP, C.J.    LORD
RUBINO & COMPANY, INC., MSW ADJUSTMENT
GROUP, INC., DG CUSTOM BUILT HOMES &
REMODELING,

                Defendants.
------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CJ RUBINO & COMPANY, INC.'S MOTION TO DISMISS THE COMPLAINT PURSUANT FED. R. CIV. P. 12(b)(6) AND FED. R. BANKRP. P. 7012**
.

                                    **TYSON & MENDES, LLP**

                By:   *Daniel El Arnaouty*
                      Daniel El Arnaouty, ESQ.
                      Attorneys for Defendant
                      C.J. RUBINO & COMPANY, INC.
                      420 Lexington Ave., Suite 2800
                      New York, NY 10017
                      929-282-4834

# TABLE OF CONTENTS

PRELIMINARY STATEMENT AND PROCEDURAL HISTORY ..............................................4

PLAINTIFF'S CLAIMS AGAINST CJ RUBINO MUST BE DISMISSED AS ALL CLAIMS ARE TIME-BARRED BY THE STATUTE OF LIMITATION .................................. 6

DISMISSAL IS STILL WARRANTED AS PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST CJ RUBINO…....................................................................... 8

CONCLUSION....................................................................................................................... 9

# TABLE OF AUTHORITIES

**Federal Cases**

*Bell Atl. Corp. v. Twombly*,
　　550 U.S. 544 (2007) ................................................................................................5

*Bice v. Robb*,
　　2009 WL 1119661 (2d Cir. April 28, 2009) ...........................................................3

*Dubai Islamic Bank v. Citibank, N.A.*,
　　126 F. Supp. 2d 659 (S.D.N.Y. 2000) ....................................................................5

*In re General Vision Services, Inc.*,
　　352 B.R. 25 (Bankr. S.D.N.Y. 2006) ......................................................................4

**State Cases**

*by Tower under*
　　Policy No. HOT2125321 ........................................................................................1

*Foley v. D'Agostonio*,
　　21 A.D.2d 60, 248 N.Y.S.2d 121 (1st Dept. 1964) ................................................5

*Gibraltar Management Co., Inc. v. Grand Entrance Gates, Ltd.*,
　　46 A.D.3d 747, 848 N.Y.S.2d 684 (2nd Dept. 2007) .............................................3

*Greschler v. Greschler*,
　　71 A.D.2d 322, 51 N.Y.2d 368 (2nd Dept. 1979) ..................................................5

*Taylor v. State of New York*,
　　36 A.D2d 878, 320 N.Y.S.2d 343 (3rd Dept. 1971) ...............................................5

**Court Rules**

CPLR § 213(2) .................................................................................................................3

CPLR §§ 214 ....................................................................................................................4

CPLR § 214(4) .................................................................................................................3

FRCP 12(b)(6) ..................................................................................................................1

# PRELIMINARY STATEMENT

1. Defendant, C.J. Rubino & Company, Inc. (hereinafter "CJ Rubino") submits this memorandum of law in support of its Motion to Dismiss the Plaintiff, Hyacinth Simms' (hereinafter "Plaintiff") Complaint with prejudice, pursuant to FRCP 12(b)(6) and Fed. R. Bankr. P. ("FRBP") 7012.

2. This matter stems from an alleged August 22, 2008 fire to real property that was allegedly owned by the Plaintiff. Said property was located at 624 Powells Lane, Westbury, New York 11590 (hereinafter "the Property"). After the fire, upon information and belief, CJ Rubino was retained by Tower Group, Inc. (hereinafter "Tower") to adjust the Plaintiff's insurance claim. CJ Rubino thereafter generated a report of its findings, dated **September 25, 2008**, for Tower. CJ Rubino's report is referenced on page 8 of the Plaintiff's 2016 Complaint (See **Exhibit "A"**). Also upon information and belief, Tower afforded the Plaintiff a property insurance policy at the time of the loss, also referenced in the Plaintiff's 2016 Action, specifically under policy number HOP2125321.

3. Of primary significance is that CJ Rubino did not have any contractual privity with the Plaintiff at any time prior to or at any time following the subject fire at the property. Rather, upon information and belief, CJ Rubino merely provided its assessment of the claim to Tower for Tower's consideration.

4. As such, this adversary proceeding should be dismissed based on the expiration of the statute of limitations as the Plaintiff filed this lawsuit more than thirteen years after CJ Rubino performed any services related to the fire at the Property.

5. Notwithstanding the statute of limitations bar on the Plaintiff's claims herein, Plaintiff's claims against CJ Rubino must also be dismissed as the Plaintiff has failed to state a cause of action against CJ Rubino pursuant to FRCP 12(b)(6) as CJ Rubino did not owe the Plaintiff any duty of care since there was no privity as between CJ Rubino and the Plaintiff at any time.

6. On August 22, 2008 a fire allegedly occurred on the Plaintiff's property. See **Exhibit A**. On the date of the fire, the Plaintiff had insurance on the Property through coverage provided by Tower under Policy No. HOP2125321. The Plaintiff thereafter filed a claim for said damage to Tower. Tower then retained CJ Rubino to adjust and assess the loss on behalf of Tower. See **Exhibit A**.

7. On September 25, 2008, CJ Rubino provided its report regarding the alleged loss to Tower. See **Exhibit A**. Further, there is nothing in the Plaintiff's complaint alleging with specificity any improper action by MSW to the Plaintiff at all let alone after September 25, 2008.

8. On March 28, 2016, Plaintiff filed a Summons and Complaint in Supreme Court, Nassau County (hereinafter the "2016 Action"). See **Exhibit A**.

9. The Plaintiff failed to prosecute the 2016 Action as against CJ Rubino, and after the Plaintiff repeatedly failed to produce discovery and repeatedly ignored Court Orders, on April 24, 2019 the Honorable Jerome C. Murphy issued a Decision and Order dismissing Simms case against all defendants, including CJ Rubino. See **Exhibit B**. Following this dismissal, Plaintiff never moved to restore the 2016 action in Nassau County or any County.

10. On or about October 23, 2023, a Supplemental Summons and Notice of Pretrial Conference in an Adversary Proceeding was issued by the United States Bankruptcy Court of the Eastern District of New York. (See **Exhibit C**) The Complaint alleges causes of action against CJ Rubino for negligence, breach of insurance contract and breach of implied covenant of good faith and fair dealing. On November 22, 2023, CJ Rubino timely filed its Answer to the Plaintiff's Complaint herein and denied any and all of the Plaintiff's allegations as against CJ Rubino. (See **Exhibit D**). This motion is thus also timely.

**POINT I**: **PLAINTIFF'S CLAIMS AS AGAINST CJ RUBINO MUST BE DISMISSED AS ALL SUCH CLAIMS ARE TIME-BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**

11. Plaintiff's complaint must be dismissed in its entirety against CJ Rubino as the Plaintiff's causes of action asserted against CJ Rubino are time-barred by the three and six year statute of limitations governed by CPLR §214(4) and CPLR §213(2) in New York. CJ Rubino last performed services on September 25, 2008, which is **more than fourteen years prior** to the commencement of this action.

12. The Plaintiff alleges five causes of action in the instant Complaint. Only the first, second and fifth causes of action are asserted against CJ Rubino. The first cause of action is for Breach of Insurance Obligations, and the second is for breach of the covenant of good faith and fair dealing. These causes of action sound regard breach of contract, which as this Honorable Court is aware, has a six year statute of limitation. See CPLR §213(2); Bice v. Robb, 2009 WL 1119661 (2d Cir. April 28, 2009); Gibraltar Management Co., Inc. v. Grand Entrance Gates, Ltd., 46 A.D.3d 747, 848 N.Y.S.2d 684 (2nd Dept. 2007).

13. More than six years (fourteen years, in fact) have elapsed since CJ Rubino last

6

provided services relating to the Plaintiff's claims filed for the Property. Specifically, the last time MSW performed any work related to the claims for the Property was on September 25, 2008, when CJ Rubino prepared its report for Tower (See **Exhibit A**). As such, the first and second causes of action against CJ Rubino must be dismissed in their entirety.

14. Furthermore, with regards to the Plaintiff's final cause of action filed as against CJ Rubino for Negligence, said claim is *also* untimely. As this Honorable Court is aware, claims of negligence under New York law alleging damages to property are governed by the provisions of CPLR §§ 214(4, 5). As per CPLR §§ 214, such negligence claims are subject to a three (3) year limitations period. In re General Vision Services, Inc., 352 B.R. 25, 27 (Bankr. S.D.N.Y. 2006), this Court similarly acknowledged the three (3) year limitations period for negligence claims asserting injury to **property**. For the same reasons as above, this claim must also be considered barred by the statute of limitations as any possible damages caused by CJ Rubino, which CJ Rubino wholly denies, would be outside of the applicable three years statute of limitations as CJ Rubino's work related to the Property claim ceased in or about September 25, 2008.

15. Moreover, should the Plaintiff claim that her 2016 Action would toll any statute of limitations, which is not supported by case law, said argument would be futile. This is because after the 2016 Action was dismissed Plaintiff took no action to restore the matter. In fact, the subject Complaint is the only action the Plaintiff has taken since the dismissal of the 2016 action. That is over seven (7) years after the 2016 Action was commenced, and over four (4) years since the 2016 Action was dismissed.

16. Further, the 2016 Action was initiated by the Plaintiff on or about March 28, 2016. This means that even if Plaintiff had properly prosecuted that action against CJ Rubino or moved to restore it after it was dismissed, those claims would have also been barred by the six and three year

statute of limitations. Specifically, the statute of limitation for the negligence claim against CJ Rubino would have expired on February 3, 2013, and the statute of limitations for the contractual claims against CJ Rubino would have expired on February 3, 2016. Therefore, any argument that the 2016 Action tolled any statutes of limitations should not be considered by this Honorable Court.

**POINT II**: **DISMISSAL IS ALSO WARRANTED AS PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION**

17. As this Honorable Court is aware, if a complaint does not contain enough allegations of fact to state a claim for relief that is "plausible on its face", that Complaint must be dismissed. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Mere conclusory allegations will not suffice to maintain a cause of action. See Taylor v. State of New York, 36 A.D2d 878, 320 N.Y.S.2d 343 (3rd Dept. 1971).

18. Moreover, to establishing a negligence claim, a plaintiff must demonstrate that the defendant "owed the plaintiff a cognizable duty of care, that the defendant breached that duty, and that the plaintiff suffered damages as a proximate result of that breach." Dubai Islamic Bank v. Citibank, N.A., 126 F. Supp. 2d 659, 667 (S.D.N.Y. 2000). In the instant adversary proceeding before the Court, the Plaintiff and CJ Rubino did not have a contract prior to or after the claim for damages relating to the Property. Therefore, CJ Rubino did not owe *any* contractual duty to the Plaintiff.

19. Furthermore, with regards to any non-contractual duty, Plaintiff's complaint also fails to state with specificity what duty CJ Rubino owed her. The reason for this is because there is no duty owed to her by CJ Rubino as CJ Rubino was retained by Tower *not* by the Plaintiff. To this point, CJ Rubino did not perform any of the repairs to the Property and it did not exercise any custody nor did it have authority to exercise any custody over insurance proceeds that may have been owed to the Plaintiff.

20. Therefore, Plaintiff has failed to establish that CJ Rubino owned her any duty, and thus her negligence claim must fail on the merits *in addition* to being time-barred. On the same basis, the first and second causes of action sounding in breach of contract also fail on the merits as there was no contract in place as between CJ Rubino and the Plaintiff.

## **CONCLUSION**

21. For the aforementioned reasons and facts, and in accordance to the applicable statutes and case law, the Plaintiff's Complaint herein must be dismissed as against CJ Rubino in its entirety with prejudice. Thus, CJ Rubino respectfully requests that this Honorable Court grant CJ Rubino's instant motion to dismiss the Plaintiff's Complaint in its entirety; together with any such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 11, 2023

                                            Yours, etc.
                                            **TYSON & MENDES, LLP**

By:    *Daniel El Arnaouty*
             Daniel El Arnaouty, ESQ.
             Attorneys for Defendant
             C.J. RUBINO & COMPANY, INC.
             420 Lexington Ave., Suite 2800
             New York, NY 10017
             929-282-4834

TO (Via E-File):
DAHIYA LAW OFFICES, LLC
karam@dahiya.law
Karamvir Dahiya, Esq.
75 Maiden Lane, Suite 606
New York, NY 10038
Attorneys for Plaintiff
212-766-8000